### JAMES SCHOULER, petitioner.

Suffolk. Nov. 23, 1882. — March 5, 1883. DEVENS & HOLMES, JJ., absent.

A testator by his will authorized a person named to withdraw the contents of the testator's bank-book from a certain bank after his death, "said money to be disposed of as follows, part for my burial and funeral expenses and the residue for charitable purposes, masses, &c." *Held,* that the nominee was not to take the money for his own use; that the will created a valid trust "for charitable purposes, masses or other charitable uses;" and that, the nominee having died without qualifying as trustee, the court might appoint a successor, who should administer the trust according to the directions of the will.

PETITION IN EQUITY, by the administrator, with the will annexed, of the estate of Catharine Powers, for the construction of said will. Notice was ordered by publication to all persons interested under said will. The only persons who appeared were the Attorney General, in behalf of the Commonwealth, claiming title by escheat, and Archbishop Williams, who had been appointed trustee. Hearing before *C. Allen,* J., who reserved the case for the consideration of the full court. The facts appear in the opinion.

*C. H. Barrows,* Assistant Attorney General, for the Commonwealth.

*P. A. Collins,* for the trustee.

MORTON, C. J. The will we are called upon to construe, written by an illiterate person, is as follows: " Boston, Sept. 27, 1857. I the undersigned do authorize the Rev. Thos. Lynch to withdraw the contents of my bank book $250.$\frac{56}{100}$ no. 93343.

The Provident Institution for Savings in the town of Boston after my death being of sound mind, memory and understanding. Said money to be disposed of as follows, part for my burial and funeral expenses and the residue for charitable purposes, masses, &c." If we disregard the punctuation, and supply a few words accidentally omitted, the main intention of the testatrix is sufficiently clear. Being unmarried and without any near kindred, her object was to devote to public charitable purposes, after payment of her funeral expenses, her money deposited in the Provident Institution for Savings, being the whole of her estate. The terms of the bequest clearly manifest the intention to create a trust in the Rev. Thomas Lynch. He is to take the estate, not for his own use, but to be disposed of for the purposes she directs. The omission of the words "in trust" is immaterial, as the intention is clearly manifested that the whole property shall be applied by the legatee for the benefit of other persons than himself. *Nichols* v. *Allen*, 130 Mass. 211, and cases cited.

The trusts defined by the will are that the property is "to be disposed of as follows, part for my burial and funeral expenses and the residue for charitable purposes, masses, &c." Masses are religious ceremonials or observances of the church of which she was a member, and come within the religious or pious uses which are upheld as public charities. *Jackson* v. *Phillips*, 14 Allen, 539, 553. The abbreviation "&c.," equivalent to "etc." or "et cetera," imports other purposes of a like character to those which have been named. *Noscitur a sociis*. It is not the fair construction to hold that it imports that the trustee may apply the property to other purposes not charitable, at his discretion. This is not the necessary or obvious construction, and it defeats the main purpose of the testatrix, apparent in the will, to devote her property to charitable uses. We therefore construe the will as meaning that the trustee is to apply the residue to charitable purposes, masses or other charitable uses.

Though the specific objects of the charity are not named by the testatrix, but are left to the discretion of the trustee, the rights of the heirs at law, or of the Commonwealth by escheat, are devested. Such bequests are upheld as bequests to public charities. *Saltonstall* v. *Sanders*, 11 Allen, 446. See also

*Jackson* v. *Phillips, ubi supra; Nichols* v. *Allen, ubi supra; Brown* v. *Kelsey,* 2 Cush. 243.

We cannot doubt that, if the Rev. Thomas Lynch had lived until the will was proved, he would have been entitled to the property, to be applied by him as trustee to charitable uses, as directed by the will. He died before the will was proved, and therefore did not qualify as trustee. But this does not defeat the trust. The main object and purpose of the testatrix was to devote her small estate to charity. She nominated her spiritual adviser as a trustee, with power to select the particular objects of charity. The will is very inartificial, but we think that her intention was that the power and discretion to select objects of charity should attach to the trust, and was not personal to the nominee; and that it is a case where the courts may properly supply a trustee, in order to carry into effect her main and controlling purpose. *Harvard College* v. *Theological Education Society,* 3 Gray, 280, 282. *Attorney General* v. *Andrew,* 3 Ves. 633. *Moggridge* v. *Thackwell,* 7 Ves. 36.

Archbishop Williams has been appointed as such trustee; and the administrator, with the will annexed, should pay over to him the property, with its accumulations, to be by him applied according to the directions of the will. *Decree accordingly.*