# High Court of the Independent Order of Foresters v. Lillie Schweitzer.

1. INSURANCE—*False Statements in the Application.*—An applicant for insurance, as to his employment stated that he was "managing a restaurant, etc.;" on the trial it appeared that he was not the manager of the restaurant but a barkeeper in it. *Held,* that the keeping of a restaurant is so commonly connected with the selling of liquors and the keeping of a bar that the statement "managing a restaurant, etc." would convey to the ordinary mind that the applicant among other things sold liquors or tended bar.

2. WORDS AND PHRASES—*Et cœtera.*—The phrase *et cœtera,* for which etc. is an abbreviation, imports other purposes of a like character to those which have been named.

Assumpsit, on a policy of life insurance. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 6, 1897.

## STATEMENT OF THE CASE.

This is an appeal from the Circuit Court of Cook County to reverse a judgment rendered against the appellant in favor of the appellee for $3,000 and costs, in an action of assumpsit on a life insurance policy.

On the 18th day of January, A. D. 1892, Charles Schweitzer, the husband of appellee, made application for membership in Court Sedgwick, No. 176, of the Independent Order of Foresters, of the State of Illinois, and became a member of appellant, and was insured by it in the sum of $1,000, and continued in said relation with appellant until the 1st day of August, A. D. 1895, when he surrendered and returned to appellant the endowment certificate, and directed that a new one be issued to him payable to appellee, his wife, for $3,000. In making an application for an increase of endowment on July 9, 1895, he signed a written application for an increase of endowment, in which application he answered certain questions propounded by the medical examiner making such examination, as follows: " Q. What class of business are you engaged in? A. Restaurant manager. Q. State fully the duties of your employment. A. Managing a restaurant, etc." At and for a considerable period before that time, he was engaged in a saloon and restaurant kept by one Charles Holstrom, at 93 E. Washington street, Chicago. He had sole control and charge of the place, in the absence of the proprietor; he bought goods for the restaurant and saloon, paid bills, hired and paid help and "tended" bar from 8 A. M. to 8 P. M. six days in the week. He continued in such employment up to the time of his death.

In section 2 of article 16 of the constitution and by-laws of the high and subordinate courts of appellant, it is provided that saloon keepers and bar tenders, together with individuals engaged in certain other occupations, shall be

eligible for membership in said order, in what is known as the "Hazardous Risk Class," and there is also provided for members insured in said class a special rate of assessment, differing materially from the rates fixed for members insured in the ordinary risk class.

Schweitzer continued a member of said appellant, and was by it insured for $3,000 in the ordinary risk class, and paid therefor the amount of assessments required of members belonging to said class until the 13th day of November, A. D. 1895, when he departed this life.

Stedman & Soelke, attorneys for appellant.

A warranty is a stipulation inserted in writing on the face of the policy on the literal truth or fulfillment of which the validity of the entire contract depends. Ripley v. Ætna F. Ins. Co., 30 N. Y. 157; Angell on Insurance, Sec. 140; Bacon on Benefit Societies and Life Insurance, Vol. 1, Sec. 194.

Where the policy of insurance recites that the statements made in the application were warranted to be true and the basis of the contract, such statements are considered as warranties. Prov. Sav. L. Asso. Soc. v. Reutlinger, 25 S. W. Rep. 835; Continental L. Ins. Co. v. Rogers, 119 Ill. 482; Thomas v. Fame Ins. Co., 108 Ill. 92; Ripley v. Ætna Insurance Co., 30 N.Y. 136; Foley v. Roy Arc., 28 N.Y. Supp. 952.

Where the application is expressly declared to be a part of the policy it becomes a part of the contract, and if the statements therein made by the applicant are warranted to be true, their falsity will bar a recovery on the policy. Grand Lodge of O. U. W. v. Jesse, 50 Ill. App. 101; Royal Tem. of Temperance v. Curd, 111 Ill. 284; High Court I. O. F. v. Zak, 136 Ill. 187; Continental L. Ins. Co. v. Rogers, 119 Ill. 482; Bacon on Ben. Soc. and L. Ins., Vol. 1, Sec. 196, and cases cited; Barteau v. Phœnix Mutual Life Ins. Co., 67 N. Y. 595; Ripley v. Ætna Ins. Co., 30 N. Y. 136.

And such statements will be deemed material, whether so in fact or not, and their falsity will avoid policy however innocently made, notwithstanding they may have no agency

in causing the loss or producing the death of the insured. Thomas v. Fame Ins. Co., 108 Ill. 92; Con. L. Ins. Co. v. Rogers, 119 Ill. 482; Ripley v. Ætna L. Ins. Co., 30 N. Y. 136; Barteau v. Phœnix L. Ins. Co., 67 Id. 595.

The courts have no other alternative than to give effect to the contract of the parties. 12 Cush. 423; 59 Am. Dec. 192.

Where applicant represented his occupation to be that of a printer, when in fact he was tending bar, such misrepresentation exonerates the insurer. Holland v. Supreme Council C. O. F., 25 Atl. Rep. 368; Dwight v. Ger. L. Ins. Co., 103 N. Y. 341; 8 N. E. Rep. 654.

Fitch & Duha, attorneys for appellee.

It does not necessarily follow that every statement contained in an insurance policy is to be deemed a warranty, although it be declared to be such in terms. Continental Life Ins. Co. v. Thoena, 26 Ill. App. 495; Continental Life Ins. Co. v. Rogers, 119 Ill. 474.

Forfeitures are odious to the law, and in enforcing them courts should never search for that construction of language which must produce a forfeiture when it will bear another reasonable construction which will not produce such a result. Hartford Fire Ins. Co. v. Walsh, 54 Ill. 165.

The laws and rules of the association should be liberally construed to promote its benevolent object. Union Mut. Acc. Assn. v. Frohard, 134 Ill. 228; Alexander v. Parker, 42 Ill. App. 455.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is urged that the deceased made untruthful answers upon his application for an increase of his insurance. The answer as to his employment was, that he managed a restaurant, etc. The keeping of a restaurant is so commonly connected with the selling of liquors and the keeping of a bar, that the statement "managing a restaurant, etc.," would, to the ordinary mind, convey the idea that applicant, among other things, sold liquors or "tended" bar.

The phrase *et cœtera,* for which etc. is an abbreviation, imports other purposes of a like character to those which have been named. *Noscitur a sociis.* James Schouler, petitioner, 134 Mass. 427; Hayes v. Wilson, 105 Mass. 21; Am. and Eng. Ency. of Law, Vol. 7, 35; Gray v. Central Ry. Co., 11 Hun, 70.

If appellant desired a more definite statement it should have asked for it.

There was neither concealment nor misrepresentation.

It appears that before the endowment certificate had been delivered, the attention of Court Eureka No. 8, to which the insured belonged, was called to his application, and it was then stated in open meeting by Mr. Peters, one of the members, that Charles Schweitzer was, to the best of the knowledge of the speaker, not the manager of the restaurant, but a barkeeper; that he, Peters, "took dinner there every day."

Such evidence was admissible as bearing upon the question of whether the insured had by his application deceived appellant, and that its action in issuing the certificate and receiving payment therefor had been based upon a misunderstanding.

The judgment of the Circuit Court is affirmed.