ALLEN SHERMAN, administrator *de bonis non* with the will annexed, *vs.* IDA M. SHAW & another.

Bristol.    October 23, 1922. — December 2, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Trust,* Charitable.  *Charity.*

A bequest in a will, "To my executor hereinbefore named One Thousand Dollars to be by him applied in shares of One Hundred Dollars each at his discretion for the benefit and advancement of ten poor boys to be selected by him," constitutes a valid public charitable trust.

The will containing the above provisions did not indicate that special confidence was placed in the executor as to the selection of beneficiaries and it was *held,* that the testator's purpose was not defeated by the death of the executor, who had in part executed the trust, and that a trustee properly could be appointed to perform the trust.

BILL IN EQUITY, filed in the Probate Court for the county of Bristol on January 7, 1922, by the administrator with the will annexed of the estate not already administered of Lizzie F. Gibbs, late of New Bedford, against Ida M. Shaw, sole residuary legatee under that will, and the Commonwealth of Massachusetts, alleging that the executor of the will, Clifford P. Sherman, had died without carrying out the provisions of the will quoted in the opinion and seeking instructions "as to the manner by [in] which

the . . . provision shall be administered, or what disposition shall be made of the fund."

Ida M. Shaw filed an answer contending that the legacy described "is an attempt to create a public charity and is absolutely void in that a valid public charity is not created thereby, and that the entire amount of said legacy with all the accumulations thereon falls into the residuum of the estate and goes to the defendant."

The suit was heard by *Hitch,* J., by whose order a decree was entered containing the following rulings and instructions:

"The phraseology of the clause of the will in question implies a trust rather than a mere power.

"The testatrix undertook to give a definite sum to the executor with a direction to distribute to ten members of a designated class.

"The direction to perform that duty is imperative although the time and manner of payment and the selection of the individuals to be benefited are discretionary.

"The will shows a general charitable intention on the part of the testatrix in favor of poor boys and a method of determining the individuals to be benefited, which the court will seek to have carried out, and a trust is created or will be implied, otherwise the gift would fail and the intention of the testatrix not be executed.

"The gift of the fund in the will was to the executor by virtue of his office, and there is no reason why the selection of the individuals to be benefited cannot be made by a trustee other than the executor designated in the will.

"The . . . administrator *de bonis non* with the will annexed, has no authority to carry out this trust, but upon the appointment of a trustee by the court in place of Clifford P. Sherman to carry out the provisions of the trust aforesaid and upon his being duly qualified, the petitioner should pay over said fund to him."

*G. F. Tucker,* (*N. Washburn* with him,) for the residuary legatee.

*C. R. Cabot,* Assistant Attorney General, for the Commonwealth.

JENNEY, J. The will of Lizzie F. Gibbs, dated May 30, 1910, and duly allowed on January 6, 1911, contained the following bequest:

"To my executor hereinbefore named One Thousand Dollars to be by him applied in shares of One Hundred Dollars each at his discretion for the benefit and advancement of ten poor boys to be selected by him." The executor paid $100 to a poor boy whom he selected, and died without making any disposition of the remainder. The main question is, whether the will created a valid public charitable trust.

In order to create "a public charity there must appear to be some benefit to be conferred upon, or duty to be performed towards, either the public at large, or some part thereof, or an indefinite class of persons." *Old South Society* v. *Crocker*, 119 Mass. 1, 23. *Jackson* v. *Phillips*, 14 Allen, 539, 556. *Bullard* v. *Chandler*, 149 Mass. 532. Unquestionably the relief of poverty by a gift for the benefit and advancement of poor boys is authorized. *Jackson* v. *Phillips*, *supra*. *Attorney General* v. *Trinity Church*, 9 Allen, 422. *Darcy* v. *Kelley*, 153 Mass. 433. *Attorney General* v. *Goodell*, 180 Mass. 538. However, it is strongly contended that the bequest considered as a charity is void because the amount is to be expended in shares of $100 each for ten such boys.

The bequest, being for a charitable purpose public in its nature, should be supported unless the stated limitation of its bounty is construed as rendering its beneficiaries definite and certain, and thus depriving it of the attributes necessary to create a charity as distinguished from a mere trust. *Saltonstall* v. *Sanders*, 11 Allen, 446. *Nichols* v. *Allen*, 130 Mass. 211. *Schouler, petitioner*, 134 Mass. 426. *Kent* v. *Dunham*, 142 Mass. 216. *Minot* v. *Baker*, 147 Mass. 348. *Bullard* v. *Chandler*, *supra*.

A limitation as to the amount to be disbursed for each person does not invalidate a bequest for charitable purposes otherwise enforceable. *Theological Education Society* v. *Attorney General*, 135 Mass. 285. *Sears* v. *Attorney General*, 193 Mass. 551. *Attorney General* v. *Wax Chandlers' Co.* L. R. 6 H. L. 1.

The will in effect directs the executor to select poor boys, ten in number, from all such who may be in existence. No person can claim as a matter of law that he is entitled to participate. Those who are to share are not designated by reference to family, residence, organization, or otherwise; the limitation in numbers does not relate to or aid in their identification. The selection

of persons to be benefited is a part of the ordinary administration of gifts of the character considered, and a specific direction as to the number ought not to strike down the bequest.

It was said by this court, in *Bullard* v. *Chandler, supra,* at page 540, speaking through Devens, J.: "But a gift of a nature such as that of the testatrix does not cease to be a charity because certain persons are named as of the class to be assisted, or even because provision is made that a preference shall be accorded them in the distribution of her bounty. When they are thus provided for as a part of the poor who are to receive the benefit of the donation, its public object and purpose continue, and it is still invested with the character of a public charity."

The contention that the bequest is void is mainly based upon *Thomas* v. *Howell,* L. R. 18 Eq. 198. The will of Thomas Howell contained this paragraph: "And I give to each of ten poor clergymen of the Church of England, whether holding benefices or not, to be selected by my friend Joseph Butterworth Owen, if alive, or, if dead, then by the acting executors or executor of my will, . . . £200." It further directed that legacies to charitable institutions, or for charitable purposes, should be paid only out of the testator's estate legally applicable for such purposes. The case was heard before Malins, V. C., who states: "The only question is, whether this legacy is a charity which would come within the meaning of the Act of 9 Geo. II, c. 36. It appears that there is abundance of property to pay all the legacies, but the pure personalty is not sufficient to pay the charitable legacies. If therefore the case comes within that statute, then these legacies must be paid out of that portion of the estate which is pure personalty, and the charity legacies will have to abate." The reasoning of the opinion is not wholly clear; it is evident that the statute of mortmain (9 Geo. II, c. 36) played a considerable part. The Vice Chancellor thus states his conclusion: "I decide that these are general legacies and must be paid out of the general estate of the testator." Whatever may be the correct interpretation of this decision, it is certain that the legacy did not wholly fail. If it is considered as deciding that the will did not create a charity under the statute of Elizabeth (43 Eliz. c. 4), we do not follow it, and are of opinion that the bequest here in question must be upheld as a valid charity.

There are many cases involving gifts in which there were provisions somewhat similar and in which trusts have been upheld as charities, but without any discussion of the objection here considered. *Thetford School Case,* 8 Co. 130 b. *Attorney General* v. *Hughes,* 2 Vern. 105, (reversing 1 Vern. 248, *sub nom.* *Attorney General* v. *Baxter,* as to which see *Moggridge* v. *Thackwell,* 7 Ves. 36 b, 76; and *Thomas* v. *Howell, supra,* at page 208). *Attorney General* v. *Glegg,* Ambl. 584, 585 note; *S. C.* 1 Atk. 356; *S. C. sub nom. Attorney General* v. *Speed,* West Ch. 491, as to which see *Saltonstall* v. *Sanders,* 11 Allen, 446, 456. *Johnston* v. *Swann,* 3 Madd. 457. *Straus* v. *Goldsmid,* 8 Sim. 614. *Attorney General* v. *Bovill,* 1 Phil. Ch. 762. *Re Ashton's Charity,* 27 Beav. 115. *Beverley* v. *Attorney General,* 6 H. L. Cas. 310. *Thompson* v. *Corby,* 27 Beav. 649. *Merchant Taylors' Co.* v. *Attorney General,* L. R. 11 Eq. 35; L. R. 6 Ch. App. 512. *In re T. S. Reed,* 10 T. L. R. 87. This list includes instances of gifts for the immediate use of principal, and also those providing for the distribution of income.

Our decisions contain nothing inconsistent with the upholding of the bequest. *Thomas* v. *Howell, supra,* is cited in *Bullard* v. *Chandler, supra,* at page 540, but only in support of the general proposition that when the beneficiaries are designated by name or identified in a will, the gift is not charitable. In *Liley* v. *Hey,* 1 Hare, 580, also cited in *Bullard* v. *Chandler,* the beneficiaries were named. In *Kent* v. *Dunham, supra,* a devise to trustees "for the aid and support of those of my children and their descendants who may be destitute, and in the opinion of said trustees need such aid," was held not to be a public charity, and void. The comment of Knowlton, C.J., in *Sears* v. *Attorney General, supra,* at page 554, as to this case, that "We infer, although the statement in the opinion is not in these terms, that one reason of the decision is that the class was not sufficiently large and indefinite to make the gift of common and public benefit" is not opposed to the decision now made, because the reference is to a devise for the benefit of persons susceptible of identification and constituting a class so limited in number as not to make the gift for a public benefit rather than of private trust.

The testator's purpose was not defeated by the death of the executor, who had in part executed the trust. The will does

not indicate that special confidence was placed in the executor as to the selection of beneficiaries. *Sells* v. *Delgado,* 186 Mass. 25. Under the provisions of the will here considered a trustee properly can be appointed to perform the .trust. *Schouler, petitioner, supra. Minot* v. *Baker, supra.*

*Decree affirmed.*