MARY REILLY *vs.* MARGARET McGOWAN & others.

Plymouth.   January 17, 1929. — May 29, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Charity.   Trust,* Charitable.   *Devise and Legacy.*

A provision of a will, devising land to one for life and thereafter "to such
charitable uses and purposes as . . . [the life tenant] shall appoint,"
is sufficient to create a valid charitable trust; and the devisee under
such provision took a life estate with the power to dispose of the
remainder to charity.

PETITION, filed in the Land Court on August 31, 1926,
for registration of the title to land.

The petition was heard by *Smith,* J.   Material facts
found by the judge in his decision and decrees therein
ordered by him are described in the opinion.   The petitioner
appealed from his decision.

*H. C. Thorndike,* for the petitioner.

No argument nor brief for the respondents.

CARROLL, J.   This petition is to register title to five parcels
of land in Brockton.   The judge of the Land Court found
that James Reilly, father of the petitioner, died in 1898,
leaving the petitioner and a daughter Susan as heirs at law.
In 1921 Susan conveyed to the petitioner "all interest as an
heir-at-law of James Reilly, and all interest under his will,
'in and to any and all real estate of which' he died seised."
The judge found that the petitioner had a good record title
to parcel "4" and to that part of parcel "3" lying between
the land of the respondent and the Salisbury River; and that
the balance of the land of which James Reilly died seised was
subject to the terms of his will.   He ordered that a decree be
entered that the petitioner had a proper title for registration
of parcel "4" and of that part of parcel "3" conveyed to
James Reilly by Isaac Kingman in 1870.   He further or-
dered that a decree be entered covering the remaining land,

which was to state that the petitioner had a life estate with the power and subject to the obligations imposed by the will of James Reilly with the right to dispose of this property by her will for "such charitable uses and purposes" as she may appoint. The petitioner appealed, her contentions being that the testator did not dispose of the remainder to any trustee, that he died intestate as to this remainder; that the disposition was not a valid gift to a charity; and as no charitable trust was created which can be administered by the *cy pres* doctrine the petitioner is the owner in fee.

James Reilly in his will gave all his property to his wife for life. In the second paragraph he disposed of the so called Clinton Street property. On the death of his wife and after the death of Susan, his son Bernard, and Mary, it was given "to such charitable uses and purposes as Mary shall appoint." In the third paragraph the testator gave the land on Gleason Street after his wife's death to the petitioner in trust for the support of her brother Bernard; and on his death the land was given "to such charitable uses and purposes as Mary shall appoint." In the fourth paragraph certain land was given to Mary for life, with a provision that on her death it was to go to such charitable uses as she should appoint. The residuary clause contained a similar provision.

The will of James Reilly shows that he intended to give the estate in question on the death of his wife and children to charity. This property was donated to charitable uses with authority given to Mary to designate the particular charities. See *Lamb* v. *Jordan*, 233 Mass. 335, 340. A public charity was created. *Minot* v. *Baker*, 147 Mass. 348. *Sherman* v. *Shaw*, 243 Mass. 257, and cases cited. The fact that no specific class of charities was mentioned does not prevent the gift from being a charity; and it was not necessary to designate by name a particular devisee under this devise. See *Gill* v. *Attorney General*, 197 Mass. 232. It was not essential that a trustee should be named. Where land is devised for a public charity and no trustee is named, a court of equity will appoint a trustee, if necessary, to hold the estate for the purposes for which it was devised. *Missionary Society of the Methodist Episcopal Church* v. *Chapman*, 128 Mass. 265, 268.

*Darcy* v. *Kelley*, 153 Mass. 433, and cases cited.   See *Nichols* v. *Allen*, 130 Mass. 211, 215; *Schouler, petitioner*, 134 Mass. 426, 427.   The words "to such charitable uses and purposes as Mary shall appoint" are sufficient to create a valid charitable trust.   *Going* v. *Emery*, 16 Pick. 107.   *Brown* v. *Kelsey*, 2 Cush. 243.   *Winslow* v. *Cummings*, 3 Cush. 358.   *White* v. *Ditson*, 140 Mass. 351.   The devise to Mary of the legal estate for life would support the charitable use.   She could dispose of the remainder to charity as she might appoint.   The question of the disposition of the remainder in case of Mary's death without exercising the power need not now be decided.   See *Schouler, petitioner, supra; White* v. *Ditson, supra; Minot* v. *Baker, supra.*   The Land Court was right in deciding that Mary had a life estate in the land in question.   The case is governed by *Schouler, petitioner, supra, Minot* v. *Baker, supra, Bullard* v. *Chandler*, 149 Mass. 532, *Sherman* v. *Shaw, supra.*   See *Jackson* v. *Phillips*, 14 Allen, 539, 556.   The petitioner relies on *Langley* v. *Conlan*, 212 Mass. 135, *Bragg* v. *Litchfield*, 212 Mass. 148, *French* v. *Heywood*, 214 Mass. 582, and *Montague* v. *Silsbee*, 218 Mass. 107.   None of these cases is in conflict with what is here decided.

It follows that the decision is affirmed.

*So ordered.*