JOSEPHINE B. MAHONEY *vs.* CHARLES S. NOLLMAN.

Suffolk.   May 12, 1941. — September 8, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Probate Court*, Decree, Accounts.  *Equity Jurisdiction*, Specific performance.   *Trust*, Charitable.   *Executor and Administrator*, Payment of legacies, Real estate of decedent.

The defendant in a suit in equity by the residuary devisee under a will for specific performance of a contract to purchase land passing under the residuary clause was not entitled to object that the title was unmarketable in that the executor's account, duly allowed, showed that a legacy, to one who had died after the testator and upon whose estate there had been no administration, had been paid to his next of kin.

The fact that the final account of the executor of a will showed that legacies had not been fully paid rendered the title to real estate passing under the residuary clause so doubtful as to preclude maintenance by the residuary devisee of a suit for specific performance of a contract for its sale.

A legacy "for masses to be said for the repose of my soul" was in trust for a public charitable purpose, and, upon the death of the named legatee before payment of the legacy, a trustee supplied by a court would be entitled to the legacy rather than the next of kin or personal representative of the deceased legatee.

Nonpayment of a legacy which was in trust for a charitable purpose, rendering doubtful the title to real estate passing under the residuary clause, was a defence which could be raised in a suit by the residuary devisee for specific performance of a contract for its sale, although the designated legatee had died and the Attorney General had not objected to the allowance of the final account of the executor, which showed such nonpayment, and had not as yet sought to enforce payment of the legacy.

One who has agreed to purchase real estate cannot be compelled, in a suit in equity by the seller for specific performance, to accept, upon the seller's giving a satisfactory bond to save him harmless from any claim that successfully might be made against the land, a title so doubtful that he might be exposed to litigation.

BILL IN EQUITY, filed in the Superior Court on August 6, 1940.

The case was reserved and reported without decision by *Hurley*, J., upon a case stated.

*T. Chase*, for the plaintiff.

*P. H. Fitzgerald*, for the defendant.

DOLAN, J.  This is a bill in equity for specific performance of a written agreement, in which the plaintiff agreed to sell and the defendant to purchase certain real estate situated on Church Street, in the city of Boston.  The defendant answering set up, among other defences, that the plaintiff had not a good and marketable title to the land.  The proceeding was heard upon a case stated, and, after hearing for final determination, the judge, without decision, reported the bill, answer and case stated and all questions of law therein for the consideration of this court.  The sole contention of the defendant is that the land in question is subject to liens for unpaid legacies or balances due thereon, which were bequeathed in the will of Mary A. Dolan, hereinafter referred to as the testatrix, late of Brookline, deceased, and that accordingly the plaintiff cannot convey a good and marketable title thereto. ·

The following facts appear in the case stated: Title to the land involved was derived by the plaintiff and one Riley under the residuary clause of the will of the testatrix, which was duly allowed by the Probate Court for the county of Norfolk on September 14, 1932.  They were the sole residuary devisees and legatees.  By deed dated August 29, 1939, duly recorded, Riley conveyed her undivided interest in the land to the plaintiff.  The agreement here sought to be enforced was executed on April 3, 1940.  The fifth and seventh clauses of the will of the testatrix read as follows: "Fifth.  To my nephew, Reverend John G. Mahoney, Member of the Society of Jesus, I give and bequeath

the sum of one thousand dollars ($1,000.00) for Masses to be said for the repose of my soul. . . . Seventh. To the Reverend Charles J. Lane, Member of the Society of Jesus, I give and bequeath the sum of two thousand dollars ($2,000.00) for Masses to be said for the repose of my soul." The first account of the executors of the will of the testatrix shows a payment to the Reverend Charles J. Lane of fifty per cent of the bequest given to him, or $1,000. The second account of the executors shows an additional payment to him of twenty-five per cent of his legacy, or $500.

The Reverend Charles J. Lane died on April 15, 1939, after receiving $1,500 on account of the $2,000 bequest provided for in clause 7 of the will. The Reverend John G. Mahoney died on December 31, 1933. No payment is shown by the executors' accounts to have been made in satisfaction of the legacy given him for the purposes specified in the fifth clause of the will. James E. Mahoney, to whom the testatrix bequeathed $500 in the thirteenth clause of her will, died on December 27, 1938, before full payment of that legacy to him. The unpaid balance of this legacy was paid to his three heirs at law. No administration has been taken out upon the estates of the three deceased persons just referred to. The several accounts of the executors, including their final account, were allowed on April 3, 1940, "no person objecting"; no appeal was taken from the decrees allowing them, and no application to reopen the same has been made.

The legatees named in the fifth, seventh and thirteenth clauses of the will died before the accounts were allowed. "The defendant was ready to perform his part of the contract if the plaintiff would cause the estates of Rev. John G. Mahoney and Rev. Charles J. Lane, respectively, to be administered in the proper Probate Court, would establish by such proceeding the respective heirs of Rev. John G. Mahoney and James E. Mahoney and Rev. Charles J. Lane, and would obtain from such heirs a release of any interest they may have in the property here in question. In the alternative, the defendant was ready to perform his

part of the contract if the plaintiff would cause a petition
to be filed in the estate of Mary A. Dolan for leave to sell
said property for the purpose of paying legacies. The
plaintiff has refused to follow either of these courses," but
is "ready and able, if the court finds that the property
here in question is subject to a lien as asserted by the
defendant, to give a satisfactory bond to save the defend-
ant harmless from any claim that may successfully be made
against said property for payment of the bequests in ques-
tion, which the defendant refuses to accept." The following
stipulation was entered into by the parties: "If the plain-
tiff is entitled to specific performance, it is agreed that
she is also entitled to damages in the amount of $137.45.
It is further agreed that if a final decree is not entered . . .
prior to July 30, 1941, a stipulation as to the amount of
additional damages will be entered."

The plaintiff relies largely upon *Wilbur* v. *Hallett*, 305
Mass. 554, 558, and cases therein cited, by which, and by
many other decisions of this court, it is settled that Probate
Courts are courts of superior and general jurisdiction; that
it is a general principle of our practice under our juris-
prudence that a decree of a Probate Court within its juris-
diction is good unless it is set aside; that it cannot be
attacked collaterally; that such decrees are conclusive
upon the courts of common law and cannot be reversed
by writ of error or certiorari, and cannot be set aside in
equity even for fraud.

Applying these principles to the facts in the present case,
it is clear that it is not open to the defendant in this pro-
ceeding to object that payments of the unpaid balance of
the legacy to James E. Mahoney to his three heirs, as shown
by the executors' accounts, were not properly paid in
satisfaction of that legacy.

We are of opinion, however, that the defendant's objec-
tions that, as appears in the agreed facts, the legacy given
by the fifth clause of the will is not shown in the accounts
to have been paid, and that but a portion of the legacy
given by the seventh clause of the will is shown in the
accounts as paid, stand in different case. In raising these

objections to the plaintiff's ability to convey a good and marketable title, we think that the defendant cannot be said to be attacking collaterally the decrees allowing the accounts, but rather that he must be taken to be accepting the accounts as allowed, and urging that, when so accepted, the legacy under the fifth clause is not shown or allowed in the account as paid, and that the legacy under the seventh clause is not shown or allowed therein as paid in full, and that hence, these unsatisfied legacies constitute liens upon the land here involved.   The case is thus distinguishable from *Wilbur* v. *Hallett*, 305 Mass. 554, where the legacy sought to be recovered by petition in equity was shown as paid in the executors' account, which had been duly allowed.

The position taken by the defendant that the plaintiff's title should be perfected by taking out administration on the estates of the legatees named in the fifth and seventh clauses of the will and obtaining a release from their heirs or personal representatives is not sound.  The legacies in question were given the respective legatees by the testatrix for "Masses to be said for the repose of . . . [her] soul." It is settled in this Commonwealth that this purpose comes "within the religious or pious uses which are upheld as public charities.  *Jackson* v. *Phillips*, 14 Allen, 539, 553," *Schouler, petitioner*, 134 Mass. 426, 427, and that the legatees named are intended to take not for their own use but for the purposes directed; that the omission of the words "in trust" is immaterial; and that, the legatee trustees named having deceased before satisfaction of the legacies, the courts will supply a trustee to carry into effect the controlling purpose of the testatrix.  *Schouler, petitioner*, 134 Mass. 426, 427, 428, and cases cited.  *Kirwin* v. *Attorney General*, 275 Mass. 34, 41, 42, and cases cited.  That such a course would be the appropriate one, rather than that suggested by the defendant, does not affect the validity of his objection that these unsatisfied legacies are liens upon the land in question.

The plaintiff's argument that the Attorney General is the only person "legally interested" in enforcing the terms

of the legacies given by the fifth and seventh clauses of the will does not help her. It is true that it is his exclusive function to "enforce the due application of funds given or appropriated for public charities within the commonwealth, and prevent breaches of trust in the administration thereof." G. L. (Ter. Ed.) c. 12, § 8. *Judkins* v. *Hyannis Public Library Association*, 302 Mass. 425, 427, and cases cited. The defendant is entitled to assume that he will perform his duties in that respect in the matter of the estate of the testatrix. So far as appears, resort may be necessary to the land in question for satisfaction of these legacies for a public charity.

It is settled that in order to maintain a bill for specific performance of an agreement to purchase land, the plaintiff must show that the title tendered by him is good beyond a reasonable doubt, that is, a considerable, rational doubt such as would cause a prudent man to pause and hesitate before investing his money. *First African Methodist Episcopal Society* v. *Brown*, 147 Mass. 296, 298, 299, and cases cited. *Queenin* v. *Blank*, 268 Mass. 432, 436. It is also settled that a court of equity will not compel a person who has agreed to purchase land to accept a title so doubtful that it may be exposed to litigation. *Jeffries* v. *Jeffries*, 117 Mass. 184. *Conley* v. *Finn*, 171 Mass. 70. Pomeroy, Specific Performance (3d ed.) § 203, and cases cited. The offer of the plaintiff to furnish the defendant a satisfactory bond, to save him harmless from any claim that may successfully be made against the land for payment of the legacies in question, cannot avail the plaintiff. The defendant did not stipulate for other than a marketable title, that is, one free from reasonable doubt. In the present case one of the links in the title of the plaintiff is missing. It has not been supplied by other proof. Compare *Murray* v. *Harway*, 56 N. Y. 337, 343, cited in *Conley* v. *Finn*, 171 Mass. 70, 73. On the contrary it is admitted that the legacy given under clause five of the will not only is not shown by the executors' accounts to have been paid, but also, in fact, has not been paid, and, similarly, as to $500 of the legacy given under clause seven of the will. The

plaintiff's title is derived under the residuary clause of the will of the testatrix, and hence is held by the plaintiff subject to the payment of the legacies given under the will. In all the circumstances we are of opinion that there is reasonable doubt that the title of the plaintiff is good.

The plaintiff's bill is to be dismissed with costs. On the defendant's counterclaim a decree is to be entered ordering the plaintiff to pay to him the sum of $200, posted by him as a deposit on account of the proposed purchase of the land, with interest from the date of the filing of the bill.

*Ordered accordingly.*