CHARLES R. CODMAN & others *vs.* ROYAL BARRY WILLS
& another, trustees.

Essex.     December 9, 1953. — March 1, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Easement. Beach. Damages,* For tort. *Equity Jurisdiction,* Assessment
of damages. *Equity Pleading and Practice,* Parties.

The terms of deeds in 1885 and 1886 creating, in favor of lots in a tract of
residential land on the seashore, easements for bathing and boating in
a so called reserved lot having a rocky shore like the rest of the shore
of the tract except for a small sandy area suitable for bathing and
landing boats showed that the easements were for use of the reserved
lot as it was at that time and did not include the right to alter it by
substantially enlarging the bathing and boating area. [157–158]

The owner of an undivided fractional interest in a parcel of land was
entitled in a suit in equity to an assessment of damages for injury
done to his interest in the parcel by unlawful acts of the defendant
although the owners of the other interests therein were not joined as
plaintiffs. [158–159]

A court of equity, having jurisdiction in a suit by a landowner to enjoin
unlawful acts by the defendant injuring the plaintiff's land, properly
might also assess damages for the injury already done in order to
accomplish complete justice between the parties. [159]

BILL IN EQUITY, filed in the Superior Court on April 24,
1950.

The suit was heard by *Murray,* J.

*Frederick H. Tarr,* for the plaintiffs.

*Joseph G. Bryer,* for the defendants.

SPALDING, J.   The plaintiffs bring this bill to enjoin the
defendants from trespassing or entering upon a parcel of
land of which the plaintiffs own an undivided interest; from
removing soil or rocks therefrom; and from cutting trees and
shrubs thereon.   The bill also asked that the defendants be
ordered to restore the property to its former condition or to
pay damages.   From a decree dismissing the bill the plaintiffs
appealed.   The judge made findings of material facts, and
the evidence is reported.

The plaintiffs and the defendants are owners of lots situated in that part of Gloucester called Magnolia. These lots, and others not owned by the parties, came out of a single tract which was acquired in the 1880's for the purpose of dividing it into lots for a residential community. The subdivision of the tract is shown on a plan entitled "Plan of Master Moore Farm, Magnolia, Gloucester, Mass. 1884" (hereinafter called the plan) which is before us as an exhibit. The shore front of the tract is rocky except for a small sandy area at the northeasterly end. With the exception of this sandy area none of the shore front was suitable for bathing or landing boats. Shown on the plan is a parcel which lies southeast of the plaintiffs' lots and southwest of the defendants' lots and which contains approximately 72,000 square feet. This parcel, marked "Reserved," and hereinafter called the reserved lot, is coastal land fronting on Norman's Woe Cove. It is contiguous to the two lots owned by the defendants and to some of the lots owned by the plaintiffs. In its natural state the reserved lot included the sandy area just mentioned, rocky shore front southwesterly of that area, and a growth of brush, bushes, briers, trees and shrubs.

The plaintiffs own an undivided fraction of the fee of the reserved lot. The defendants acquired an easement therein, the nature of which will be described presently, in common with other lot owners, but own no part of the fee of that lot. In April, 1950, the defendants, under claim of right, entered the reserved lot and removed boulders, rocks, pebbles, and loam; they also cut down and removed natural growth. In doing so the defendants altered the appearance and natural condition of approximately 6,000 square feet of the surface of the reserved lot and effected a change of grade with respect to about 3,500 square feet of it. Thereafter the defendants placed and spread fine gravel upon that portion of the reserved lot which had been altered. They intended eventually to cover this gravel with fine sand, bring the beach up to the original grade, and "trim up" the border of the altered area. While this work was in progress the defendants were enjoined from proceeding further. Had the

work gone forward as planned the result would have been an enlarged sandy beach. The defendants' purpose in making these alterations was "to improve a part of the reserved lot for use by them, and by others entitled to use the reserved lot, for boating and bathing."

The judge found that the defendants had an easement for boating and bathing in the reserved lot which extended to the entire area of the lot; that the original grantors "contemplated that its surface would or might be altered"; and that "the work done by the . . . [defendants], which would constitute damages to the reserved lot in the amount of two thousand . . . dollars if unlawful, nevertheless, was reasonably necessary to make the reserved lot fit, suitable and effectual for the full exercise and enjoyment of their easement, and inflicted no injury or damage upon similar easements of other lot owners."

The defendants concede that their rights with respect to the reserved lot stem from two deeds, exhibits 11 and 12, which bear the dates of December 31, 1885, and March 26, 1886, respectively. These deeds are similar in all material respects to those which are the source of the plaintiffs' undivided ownership of part of the fee. Each deed gives to the grantee an undivided fractional ownership of the fee in the reserved lot subject to certain restrictions as to its use.[1] Under these deeds the grantees also acquired, in common with all other lot owners, certain rights over roads and paths, and "the right to land with boats on . . . [the reserved lot] and to erect thereon for each lot hereby conveyed one temporary movable bathing house; and the right also to erect one temporary, movable boat house for each lot as aforesaid provided that the consent of the owners of . . . lots 29, 30, 32 and 33, be first obtained."[2]

---

[1] Although the deeds which are the source of the defendants' rights purported to convey an undivided ownership of part of the fee, the defendants do not now claim such an interest. The rights of the defendants rest exclusively on the easements created in these deeds.

[2] Lot 29 is owned by the plaintiffs Michel P. and Gertrude C. Vucassovich, and lot 30 by the plaintiffs Charles R. and Theodora D. Codman; lots 32 and 33 are owned by the defendants.

The decision below rests primarily on the conclusion that the original grantors "contemplated that . . . [the] surface [of the reserved lot] would or might be altered." In our opinion this conclusion is not justified. We find nothing in the deeds except the use of the words "landing place marked 'reserved'" to indicate that the grantors considered that the whole of the reserved lot was to be a landing place rather than the small sandy area, which was the only part of the lot suitable for that purpose. But the use of these words in this context is not decisive because there are other factors to be considered. The restrictions on the use of the lots granted would indicate that a large bathing and boating area would not be necessary. In addition, where improvements were necessary the grantors specifically provided for them. Thus the deeds refer to apportionment of the expenses among the lot owners of "constructing an extension of the upper road on said tract . . . or of cleaning up and widening the old road through the woods . . . and also of building the . . . road to the landing place." Had it been contemplated that the reserved lot was to be extensively altered for the convenience of those having the right to use it, it would have been reasonable to have provided for an apportionment of the expenses of such alteration among them.

Aesthetic considerations also militate against the contention that alterations or improvements in the reserved lot were within the intendment of the deeds here involved. The grantors specifically prohibited any structure on the lot except one "temporary movable bathing house" and one "temporary, movable boat house" for each owner. And the right to erect the boat house was conditioned on obtaining the consent of the owners of certain named lots. These restrictions indicate that the natural state of the reserved lot was not to be altered by man made structures except to a very limited extent. There would have been little or no purpose in placing restrictions of this sort on the use of the property if the owners of the dominant estates could do what the defendants attempted to do here.

We are of opinion that the rights acquired under the deeds in question were easements to use the lot as it was at the time of the grants and whatever use could be made of it in that condition, but to no greater extent, was available to the defendants for bathing and boating. We are confirmed in this view because there is no finding to the effect that every part of the lot was inaccessible or impossible of use. On the contrary there is an express finding that the sandy area was suitable for bathing and landing boats.

Of course, had the lot been impassable or had it fallen into a condition where it was unsafe or unusable, the defendants would have had the right to make such changes as would reasonably adapt it to the uses granted. *Guillet* v. *Livernois,* 297 Mass. 337, 340. *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 298 Mass. 513. *Walker* v. *E. William & Merrill C. Nutting, Inc.* 302 Mass. 535, 543. But that is not the case here. Doubtless the alterations made and proposed by the defendants would provide a greater boating and bathing area and for that reason many of the lot owners might find the use of it more enjoyable; but for the reasons stated above we are of opinion that such extensive alterations are not within those incidental rights which were included by implication when the easements were created. "The servient estate cannot be burdened to a greater extent than was contemplated or intended at the time of the grant." *Doody* v. *Spurr,* 315 Mass. 129, 133.

It is to be noted that the judge found that the defendants' conduct, if unlawful, damaged the lot to the extent of $2,000. The defendants contend that damages cannot be assessed in these proceedings since some of the tenants in common of the reserved lot have not joined as parties plaintiff. It is true that the plaintiffs own only an undivided fraction of the reserved lot. At common law, in order that a defendant be not vexed by a multiplicity of suits, joint tenants or tenants in common could not maintain an action for injury to their real or personal property unless all the owners were joined as parties plaintiff. *Converse* v. *Symmes,*

10 Mass. 377.    *May* v. *Parker,* 12 Pick. 34, 39.    *Gilmore* v. *Wilbur,* 12 Pick. 120, 124.    *Bradley* v. *Boynton,* 22 Maine, 287, 290.    But now by G. L. (Ter. Ed.) c. 231, § 3, any one or more of such owners may bring an action at law for the damage to his or their interest without joining the others. If this case were on the law side of the court the objection now raised would be of no avail.    We think the plaintiffs' rights in this respect ought not to be less in equity.    The court, having jurisdiction in equity to grant the injunctive relief here sought, may properly, in order to do complete justice between the parties, also award damages for the injury done on the same footing as in an action at law, instead of requiring the plaintiffs to bring a separate action at law therefor.    *Winslow* v. *Nayson,* 113 Mass. 411, 421–422. *Hennessy* v. *Boston,* 265 Mass. 559, 561–562.

The plaintiffs, however, are entitled to recover for damage only to their interests, as in an action at law.    Hence their damage would be the proportion that their interest in the fee bears to the whole.    Since it is not apparent on this record what that interest is it must be determined in the trial court.

The final decree dismissing the bill is reversed and, unless the parties can agree on the amount of damages, the case is to stand for further hearing on that issue.    When the damages have been established either by agreement or by the court a new decree is to be entered awarding damages to the plaintiffs in the amount so established and enjoining the defendants from further altering the reserved lot in a manner inconsistent with this opinion.

*So ordered.*