CHARLES K. WOOD *vs.* DOLORES A. WOOD.

Worcester.   November 7, 1975. — February 3, 1976.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, & KAPLAN, JJ.

*Probate Court,* Jurisdiction.   *Jurisdiction,* Nonresident, Under long
  arm statute, Property of nonresident.

In a civil action by the plaintiff against his former spouse after their
  divorce decree had become final a Probate Court had plenary
  equity jurisdiction under G. L. c. 215, § 6, over a claim that the
  defendant had wrongfully removed or damaged certain property
  belonging to the plaintiff. [668-671]
A Probate Court had personal jurisdiction, pursuant to § 3 (c) of
  G. L. c. 223A, the long-arm statute, over a defendant living in
  another State who allegedly committed acts in Massachusetts con-
  sisting of the wrongful taking, detention, disposition and damaging
  of the plaintiff's property. [671-672]
A Probate Court had jurisdiction over a claim against a defendant
  residing in another State by reason of an attachment of real estate
  within the Commonwealth held by the plaintiff and the defendant
  as tenants in common after their divorce. [672-673]
Although a Probate Court judge had entered judgment for the de-
  fendant in a civil action, it was proper for him to refuse to dissolve
  an attachment on the defendant's property pending an appeal
  from the judgment by the plaintiff. [673]

CIVIL ACTION commenced in the Probate Court for the county of Worcester on July 3, 1974.

The case was heard by *McLellan, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Arthur Goldstein* (*Alan D. Goldstein* with him) for the plaintiff.

*Joel P. Greene* for the defendant.

BRAUCHER, J. We are asked to determine the scope of the jurisdiction of Probate Courts, "after the divorce decree has become absolute, . . . to grant equitable relief in controversies over property between persons who have been divorced." G. L. c. 215, § 6, as appearing in St. 1973, c. 1114, § 63. We uphold plenary equitable jurisdiction in such cases. We also uphold personal jurisdiction over a runaway former spouse under the long arm statute, G. L. c. 223A, § 3 (*c*), and jurisdiction based on an attachment of her interest in real estate under G. L. c. 223, §§ 42, 62-70, as amended through St. 1973, c. 1114, §§ 94, 104-105, and Mass. R. Civ. P. 4.1, 365 Mass. 737 (1974). We therefore reverse the judgments for the defendant.

The plaintiff commenced this action against his divorced former wife in the Probate Court for Worcester County on July 3, 1974. The summons and complaint and a motion for approval of a real estate attachment were served on the defendant by certified mail, return receipt requested, to an address in Arkansas. The attachment was approved in the amount of $10,000, and a writ of attachment was recorded in the registry of deeds. The defendant's motion to dismiss for want of jurisdiction was allowed, and judgments were entered for the defendant, but the defendant's motion to dissolve the attachment was denied. The plaintiff appealed, and we transferred the case to this court on our own motion under G. L. c. 211A, § 10 (*A*).

We summarize the allegations of the complaint. The parties resided in the county and were divorced by a decree nisi entered in the same court on October 17, 1973. That decree became final on May 17, 1974. In a separate equity case the same court had enjoined the transfer of certain animals pending the divorce. The parties have a remainder interest in common in a farm in the county. The divorce decree ordered a division of personal property, but in violation of that order the defendant removed certain listed personal property from the farm, intentionally damaged other real and personal property there, and sold certain personal property. Return of the removed items has been demanded, but she has not returned them. The plaintiff demanded a preliminary injunction against removal or disposal of the listed items, a determination that the plaintiff owns the listed items, and a money judgment and damages if any of the listed items are not available for return to the plaintiff or have been disposed of otherwise.

The records of the prior cases between the parties disclose that cross libels for divorce were filed in March, 1973, and in a separate suit in equity by the husband the wife was enjoined from selling farm animals or removing the three minor children from the Commonwealth. On October 17, 1973, the same decree nisi, assented to by both parties, was entered on both libels. The wife was given custody of the three minor children and was enjoined from removing them from the Commonwealth; the husband was ordered to pay for their support. The horses on the farm were to belong to the wife, and the husband was to convey to her his interest in a camper there; she was to convey to him her interest in the furniture and all other personal property located there, and was to vacate the farm and remove the horses within thirty days.

On December 14, 1973, the husband filed a contempt petition alleging that the wife had left for Arkansas with the children, and on April 12, 1974, he sought modifica-

tion of the decree nisi. On June 27, 1974, the wife was found to have violated the decree and was sentenced to thirty days in a house of correction; custody of the children was given to the husband, and payments for their support were suspended.

1. *Subject matter jurisdiction.* Massachusetts Rule of Civil Procedure 1, 365 Mass. 730 (1974), effects a merger of law and equity, and Mass. R. Civ. P. 18 (a), 365 Mass. 764 (1974), authorizes joinder of legal and equitable claims. But the rules do not extend or limit the jurisdiction of courts or the venue of actions. Mass. R. Civ. P. 82, 365 Mass. 843 (1974). Probate Court jurisdiction over the present action must rest on G. L. c. 215, § 6.

Under the first paragraph of § 6, the Probate Courts, with an exception not pertinent here, have "original and concurrent jurisdiction with the supreme judicial and superior courts of all cases and matters of equity cognizable under the general principles of equity jurisprudence and, with reference thereto, shall be courts of general equity jurisdiction . . . ." In such cases "a plaintiff, defendant, or intervener may, within seven days after proper service has been made upon all parties, remove the case to the superior court." Under the second paragraph, the Probate Courts, "after the divorce decree has become absolute, also have concurrent jurisdiction to grant equitable relief in controversies over property between persons who have been divorced." There is no provision for removal of such cases to the Superior Court. In all cases within the jurisdiction granted by § 6, procedure "shall be governed by the Massachusetts Rules of Civil Procedure."

Before 1964 Probate Courts were not courts of general equity jurisdiction, but had equity jurisdiction only over such cases and matters as had been named by statute. *Wellesley College* v. *Attorney Gen.*, 313 Mass. 722, 726 (1943), and cases cited. We strictly construed statutory provisions extending their equity jurisdiction. *Davenport* v. *Attorney Gen.*, 361 Mass. 372, 379 (1972). *Sebastian*

v. *Carroll*, 353 Mass. 465, 467 (1968), and cases cited. By St. 1963, c. 820, § 1, however, G. L. c. 215, § 6, was rewritten to insert a new first paragraph conferring on the Probate Courts "a new and broad equity jurisdiction concurrent with that of the Superior Court, with certain immaterial exceptions. It is apparent that the Legislature intended to make requirements for commencing and prosecuting suits in equity in both the Superior and Probate courts as closely similar as possible." *Anderson* v. *Anderson*, 354 Mass. 565, 567 (1968). Cf. *Bennett* v. *Florence*, 347 Mass. 707, 714 (1964).

The plaintiff turns to G. L. c. 214, §§ 1, 1A and 3, as appearing in St. 1973, c. 1114, § 62, to discover what suits in equity could be brought in the Superior Court. He argues that jurisdiction here can be based on § 1A, apparently on the theory that the divorce decree, assented to by both parties, could be treated as a contract and specific performance or damages ordered. He also relies on § 3, conferring jurisdiction over "(1) Actions to compel the redelivery of goods or chattels taken or detained from the owner. . . . (3) Actions between joint owners of personal property . . . to order a division or sale thereof and make and order a proper distribution of the proceeds of a sale, and to do all other things relative to a determination of the ownership, division and distribution of such property or the proceeds thereof. . . . (5) Actions upon accounts of such a nature that they cannot be conveniently and properly adjusted and settled in an action in the district court."

The plaintiff contends that the grant of general equity jurisdiction to the Probate Courts comprehends these categories of cases, and that some or all of them comprehend at least some of the claims included in the plaintiff's complaint. In particular, he says, equitable replevin has long been recognized as cognizable under the general principles of equity jurisprudence. See *Mitchell* v. *Weaver*, 242 Mass. 331, 336 (1922), and cases cited. In appropriate cases, where equitable relief cannot be

granted, damages may be awarded by a court of equity. *Geguzis* v. *Brockton Standard Shoe Co.*, 291 Mass. 368, 371 (1935). Cf. *George* v. *Coolidge Bank & Trust Co.*, 360 Mass. 635, 641 (1971). The defendant points out that St. 1950, c. 387, deleted from G. L. c. 214, § 3 (1), the limitation to goods and chattels "so secreted or with-held that they cannot be replevied." Because of our view of Probate Court jurisdiction under the second paragraph of G. L. c. 215, § 6, now to be discussed, we do not pursue the plaintiff's claims of jurisdiction under the first paragraph.

"Suits in equity between husband and wife concerning the title to property form a long established head of equity jurisdiction." *White* v. *White*, 322 Mass. 461, 465 (1948). By St. 1936, c. 221, § 1, amending G. L. c. 208, § 33, the Probate Courts were given concurrent jurisdiction over such matters in divorce and separate support proceedings. "Causes of action in equity be-tween husband and wife would commonly, if not always, relate to property rights, about which controversies are likely to arise at the time of divorce or separate support proceedings. . . . The existence of a readily available method of settling disputes over property completely and finally in the same court which deals with the marital relations of the parties may be a substantial aid in the efficient administration of justice." *MacLennan* v. *Mac-Lennan*, 311 Mass. 709, 712 (1942). Cf. *Gould* v. *Gould*, 359 Mass. 29, 33 (1971).

The Probate Courts were not given jurisdiction over separate suits between husband and wife, arising after a divorce decree had become final, until St. 1958, c. 223, inserted in G. L. c. 215, § 6, the following sentence: "They shall, after the divorce decree has become ab-solute, also have concurrent jurisdiction in equity of controversies over property between persons who have been divorced." In our view that sentence, read in light of the grant of general equity jurisdiction to the Probate Courts in 1964, now gives those courts plenary equity

jurisdiction in "controversies over property" between divorced persons. Included are controversies over ownership, over division of property owned jointly or in common, over wrongful taking, detention, disposition or other damage to property. If equitable relief is not given, the court has discretion to retain jurisdiction for the assessment of damages. *Newburyport Institution for Sav.* v. *Puffer,* 201 Mass. 41, 46-49 (1909), and cases cited. Or damages may be awarded in addition to equitable relief in order to do complete justice. *Grunberg* v. *Louison,* 343 Mass. 729, 734 n.2 (1962). *Codman* v. *Wills,* 331 Mass. 154, 159 (1954).

No issue is presented to us with respect to trial by jury, and we pass on no such issue. See art. 15 of the Massachusetts Declaration of Rights; *McAdams* v. *Milk,* 332 Mass. 364, 366 (1955); *Ross* v. *Bernhard,* 396 U.S. 531, 540-543 (1970); F. James, Civil Procedure §§ 8.2, 8.11 (1965); Levin, Equitable Clean-up and the Jury: A Suggested Orientation, 100 U. Pa. L. Rev. 320, 350-353 (1951); Note, The Right to Jury Trial under Merged Procedures, 65 Harv. L. Rev. 453, 465-466 (1952). If a jury is a matter of right, or if the judge in his discretion deems a jury appropriate, jury issues can be framed. G. L. c. 215, § 16. G. L. c. 214, § 1A.

2. *Jurisdiction over the person.* The plaintiff asserts that the court had personal jurisdiction over the defendant under G. L. c. 223A, § 3 (c), as amended through St. 1969, c. 623, under which a court may exercise personal jurisdiction over a person "as to a cause of action in law or equity arising from the person's . . . (c) causing tortious injury by an act or omission in this commonwealth . . . ." See *International Shoe Co.* v. *Washington,* 326 U.S. 310, 316 (1945); *"Automatic" Sprinkler Corp. of America* v. *Seneca Foods Corp.,* 361 Mass. 441, 443-444 (1972); *Kagan* v. *United Vacuum Appliance Corp.,* 357 Mass. 680, 683 (1970); Zabin, The Long Arm Statute: International Shoe Comes to Massachusetts, 54 Mass. L.Q. 101, 129-133 (1969).

The cause of action in equity alleged here arises out of the defendant's wrongful taking, detention, disposition and damaging of property of the plaintiff. Injury resulting from such acts is tortious, and the acts took place in the Commonwealth. Thus the case falls squarely within § 3 (c). The defendant asserts that if there is jurisdiction in equity based on allegations of a taking of personal property, the cause of action does not arise from the defendant's "causing tortious injury." She does not explain why not, and we are at a loss to understand why not. In cases within § 3 of c. 223A, § 4 authorizes service outside the Commonwealth, and § 6 (a) (3) permits service by certified mail, return receipt requested. The plaintiff complied with the statute.

3. *Real estate attachment.* Apart from personal jurisdiction over the defendant, the plaintiff claims that the Probate Court had jurisdiction by reason of the attachment of real estate pursuant to G. L. c. 223, §§ 42, 62-70. The real estate in question is alleged to have been conveyed to the plaintiff and the defendant as tenants by the entirety in 1966. The divorce, the plaintiff contends, changed the tenancy by the entirety into a tenancy in common. *Bernatavicius* v. *Bernatavicius,* 259 Mass. 486, 490 (1927). There is no prohibition against the attachment of realty held in common. Cf. *Quaranto* v. *Silverman,* 345 Mass. 423, 428 (1963). We have upheld an attachment of a remainder interest after a life estate. *Hazleton* v. *Lesure,* 9 Allen 24, 27 (1864). It does not appear that the attachment was excessive or that reduction was sought under G. L. c. 223, § 114. Cf. *Quaranto* v. *Silverman, supra* at 427; *McIntyre* v. *Associates Financial Servs. Co. of Mass.,* 367 Mass. 708, 713 (1975).

We agree with the plaintiff that attachment of property within the Commonwealth may be the basis for a judgment enforceable against that property. *Cheshire Nat'l Bank* v. *Jaynes,* 224 Mass. 14, 15 (1916). Cf. *Madden* v. *Madden,* 359 Mass. 356, 364, and cases cited, cert.

denied, 404 U.S. 854 (1971). So far as *Rosenthal* v. *Maletz,* 322 Mass. 586, 594 (1948), holds that G. L. c. 227, § 1, has no application to suits in equity, that holding does not survive the merger of law and equity by Mass. R. Civ. P. 1, 365 Mass. 730 (1974), and the conforming amendment by St. 1973, c. 1114, § 124. No claim is made that the plaintiff did not comply with Mass. R. Civ. P. 4.1, 365 Mass. 737 (1974). We agree with the defendant that G. L. c. 223, § 115, does not apply to Probate Courts, but G. L. c. 215, § 23, authorizes the Probate Court to "make necessary or proper orders to protect the rights of persons interested pending the appeal." It was therefore entirely proper for the judge to refuse to dissolve the attachment, even though he had entered judgment for the defendant. We uphold the jurisdiction of the Probate Court on the basis of the attachment as well as on the basis of personal jurisdiction under c. 223A.

4. *Disposition.* The judgments appealed from are reversed, and the cases are remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*