## WILLIAMS COLLEGE vs. ATTORNEY GENERAL.

Berkshire. March 7, 1978. — May 11, 1978.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Probate Court,* Jurisdiction. *Jurisdiction,* Probate Court. *Venue. Notice. Institutional Funds.*

Under its general equity jurisdiction, a Probate Court had authority to grant relief in an action pursuant to G. L. c. 180A, § 9, for the release of investment restrictions on institutional funds. [222-223]

The Probate Court for Berkshire County was an appropriate forum for an action brought under G. L. c. 180A, § 9, by a charitable corporation having its usual place of business in Berkshire County seeking the release of restrictions on both testamentary and inter vivos gift instruments made outside the county. [223-224]

An equitable proceeding under G. L. c. 180A, § 9, seeking the release of investment restrictions on charitable funds is a case distinct from the probate of the wills of the donors of these funds, so that probate of the wills in one county does not preclude prosecution of the equitable proceeding in another county. [224-225]

Where all the donors of funds as to which relief was sought under G. L. c. 180A, § 9, were dead, it was sufficient to notify only the Attorney General of the action. [225-226]

CIVIL ACTION commenced in the Probate Court for the county of Berkshire on October 19, 1976.

The case was reported to the Appeals Court by *Nuciforo,* J. The Supreme Judicial Court granted a request for direct review.

*Katherine Hendricks* (*Eric F. Menoyo* with her) for the plaintiff.

LIACOS, J. Williams College (college), a Massachusetts charitable corporation with its usual place of business in Williamstown, Berkshire County, brought an equity proceeding pursuant to G. L. c. 180A, § 9, seeking the release of restrictions of separate investments imposed on certain inter vivos and testamentary gifts made to the college.[1] The donors of these gifts are no longer living. Most of the college's endowment funds are invested as a single consolidated fund. Each participating fund is allocated a distinct share in the consolidated fund. However, funds derived from the gifts and bequests in issue are invested separately due to the separate investment requirements of the gift instruments. The college alleges that continued separate investment of such funds is obsolete, inappropriate, and impracticable.

The Attorney General, the sole defendant and the only person receiving notice of this action, filed an assent to the entry of judgment for the college. At an ex parte hearing on the action, the judge raised jurisdictional issues to which the college responded in oral argument and subsequently in a written memorandum of law. The judge declined to rule on the question whether relief from the restrictions of separate investment should be granted. Believing that certain jurisdictional and procedural questions must be decided first, he reserved and reported these questions to the Appeals Court. G. L. c. 215, § 13.[2] We granted the college's application for

---

[1] These separately invested funds are described as the David Dudley Field Memorial Professorship Fund, the William Hilton Scholarship Fund, the Henry W. Hitchcock Memorial Fund, the Samuel Hopkins Memorial Fund, and the William Wirt and Mary A. Warren Professorship Fund.

[2] The lower court's power to reserve and report under § 13 is confined "to cases in which interlocutory decrees have been made and cases that have been heard for final determination." *Fiorentino* v. *Probate Court*, 365 Mass. 13, 27 (1974) (Reardon, J., dissenting). Here the judge issued no decree on the jurisdictional question reported. Cf. *Bennett* v. *Florence*, 347 Mass. 707 (1964) (report preceded by decree dismissing libel for lack

direct appellate review. The college filed a brief, with which the Attorney General is in agreement.

*Question Relating to Jurisdiction over Cases Under G. L. c. 180A, § 9.*

*Question 1.* This question asks whether the Probate Court is "a 'court of competent jurisdiction' to resolve questions of the management of a trust" arising under G. L. c. 180A, § 9, the Uniform Management of Institutional Funds Law.

At the outset we note that, although the judge has characterized the funds in issue as trust funds, our answer to this question would be no different if the college is considered to have full ownership of these funds, subject to the restrictions imposed on it by the governing gift instrument.[3] See c. 180A, § 1 (6). We answer this question in the affirmative. A Probate Court has authority to grant relief under c. 180A, § 9.

Section 9 of c. 180A, inserted by St. 1975, c. 886, provides in relevant part that, "[w]ith the written consent of the donor, the governing board [of an educational institution] may release, in whole or in part, a restriction imposed by the applicable gift instrument on the use or investment of an institutional fund. If written consent of the donor cannot be obtained by reason of his death, . . . the governing board may apply in the name of the institution to *a court of competent jurisdiction* for release of a restriction . . ." (emphasis added).

By virtue of G. L. c. 215, § 6, as amended, the general equity jurisdiction of the Probate Court is sufficiently broad

---

of jurisdiction). However, "[b]y reporting the case the judge has decreed, in effect if not precisely in form, that he has no jurisdiction to hear the case." *Fiorentino* v. *Probate Court, supra* at 16 n.6. Thus, we will consider this question of the Probate Court's jurisdiction under c. 180A, § 9, despite the absence of strict conformance with the statutory requirements for a reservation and report.

[3] Whether or not the funds here are held in technical trusts, the college is a quasi trustee in the sense that it must carry out the terms and conditions under which the gifts were given and accepted. See *Wellesley College* v. *Attorney Gen.*, 313 Mass. 722, 724 (1943).

to encompass actions brought under c. 180A, § 9, for the release of investment restrictions on institutional funds.[4]

The relief which the college seeks under c. 180A, § 9, is in the nature of a modification of the terms of an instrument governing a charitable fund, thus subject to the general equitable powers of the courts. See *Davenport* v. *Attorney Gen.*, 361 Mass. 372, 379 (1972); *Harvard College* v. *Society for Promoting Theological Educ.*, 3 Gray 280, 282 (1855). Since the Probate Court has general equity jurisdiction pursuant to G. L. c. 215, § 6, first paragraph (see *Wood* v. *Wood*, 369 Mass. 665, 668-669 [1976]; *Anderson* v. *Anderson*, 354 Mass. 565, 567 [1968]), it is a "court of competent jurisdiction" to determine the propriety of the release of restrictions on institutional funds under c. 180A, § 9.

*Questions Relating to Venue.*

Questions 2 through 4 reported by the judge relate to the proper venue for c. 180A, § 9, actions which are brought in the Probate Courts.

*Question 2.* This question asks whether the Probate Court is a proper forum to resolve the questions involving the inter vivos gift instruments made "(a) outside the Commonwealth of Massachusetts, (b) outside Berkshire County?" We answer in the affirmative.

The college seeks equitable relief with respect to three inter vivos gifts, the David Dudley Field Memorial Professorship Fund, the William Wirt and Mary A. Warren Professorship Fund, and the Samuel Hopkins Memorial Fund. The record discloses that the latter fund derives from an instrument made in New York. In *Anderson* v. *Anderson*, *supra*, this court held that equitable actions in the Probate Courts, as in the Superior Courts (see G. L. c. 214, § 5), are subject to the venue rules of transitory actions set forth in

---

[4] General Laws c. 215, § 6, first paragraph, as appearing in St. 1975, c. 400, § 55, provides that the Probate Court, with an immaterial exception, "have original and concurrent jurisdiction with the supreme judicial and superior courts of all cases and matters of equity cognizable under the general principles of equity jurisprudence and, with reference thereto, shall be courts of general equity jurisdiction."

G. L. c. 223, § 1. The venue of such actions is in the county where a party to the suit lives or has its usual place of business. Since the college has its usual place of business in Berkshire County, the Probate Court for Berkshire County is an appropriate forum for granting equitable relief under c. 180A, § 9.

*Question 3.* This question asks whether the Probate Court is a proper forum to resolve the issues presented involving testamentary gift instruments where the estate is probated "(a) outside the Commonwealth of Massachusetts, (b) within the Commonwealth of Massachusetts, but outside Berkshire County?" We decline to answer question 3 (a) since it is not raised by the facts of this case. See *Agoos* v. *Cosmopolitan Trust Co.,* 241 Mass. 103 (1922). We answer question 3 (b) in the affirmative.

Two testamentary gifts given to the college are the subject of this action—the William Hilton Scholarship Fund and the Henry W. Hitchcock Memorial Fund. For the reasons we stated in answer to question 2, the venue rules of transitory actions govern this action under c. 180A, § 9, seeking relief with respect to both testamentary and inter vivos gifts. Thus, the Probate Court for Berkshire County is an appropriate forum.

*Question 4.* This question asks whether the Probate Court is a proper forum for this action where the "trust, and the donors, are strangers to the Probate Court in the sense that the trust institution, in its formation and operation, and the gifts to it, were all without the judicial aegis of the Berkshire Probate Court." We answer this question in the affirmative.

Although the donors may have been "strangers" to the Probate Court for Berkshire County, no other courts appear to have taken jurisdiction over the matters arising from this case. To the knowledge of the college, no Probate Court of any other county has assumed jurisdiction of any case involving the inter vivos gifts at issue.[5] The Probate Court for

---

[5] We do not have before us a trust in which another Probate Court had previously taken jurisdiction of any matter arising in relation to the same

Suffolk County, however, took jurisdiction over the probate of the wills of William Hilton and Mary A. Hitchcock, donors of the testamentary gifts in issue.

We conclude that these prior proceedings do not prevent the prosecution of this equitable action in the Probate Court for Berkshire County. Under G. L. c. 215, § 7, granting exclusive jurisdiction to the Probate Court which first takes the jurisdiction of a case, the Probate Court for Suffolk County had exclusive jurisdiction to decide matters relating to the probate of these wills and the administration of the testators' estates. However, the college argues, and we agree, that c. 215, § 7, has no application here. The earlier probate proceedings ended with the final distribution of the property to the college. See *Kirwin* v. *Attorney Gen.*, 275 Mass. 34, 40 (1931). This case, involving a request for the release of investment restrictions on charitable funds, is a case distinct and separate from the probate of the wills of the donors of these funds. See *Anderson* v. *Anderson, supra*. There being no problem with other courts taking jurisdiction of matters arising from this case, the Probate Court for Berkshire County, for the reasons stated in the answers to questions 2 and 3, is an appropriate forum for this G. L. c. 180A, § 9, action.

*Question Relating to Notice.*

Question 5 asks whether due process requires (a) adding the donors as parties defendant and (b) serving personal notice to these donors. We answer that it is sufficient here that the Attorney General has been notified and made a party to the suit.

All the donors of the funds as to which relief is sought under c. 180A, § 9, are dead. Giving them actual notice is obviously impossible. In such a situation, c. 180A, § 9, provides that only the Attorney General must be notified of the action and given an opportunity to be heard.

---

trust. In such a situation, jurisdiction over the trust must remain with the Probate Court which originally assumed jurisdiction. See G. L. c. 215, § 8.

The judge also asks whether substitute notice must be given. We answer in the negative.

Except for the college and the Attorney General, no one has an interest in these charitable funds which would be affected by a decree modifying the separate investment restrictions.[6] No rights in the funds are reserved under the gift instruments to anyone other than the college, and no such interests or rights are created by law. See *Davenport* v. *Attorney Gen.*, 361 Mass. 372, 377-378 (1972); *Newhall* v. *Second Church & Soc'y*, 349 Mass. 493, 502 (1965); *Elias* v. *Steffo*, 310 Mass. 280, 284 (1941); *Dillaway* v. *Burton*, 256 Mass. 568, 573-576 (1926).

*Conclusion.*

Having reserved and reported this case without decision, the judge did not determine whether the separate investment restrictions on these funds are "obsolete, inappropriate, or impracticable." This case is remanded to the Probate Court for Berkshire County for further proceedings under c. 180A, § 9.

*So ordered.*

---

[6] An action brought under c. 180A, § 9, raises only issues of the management of institutional funds. This case does not involve a petition for the application of the doctrine of cy pres, in which the notice requirements of G. L. c. 214, § 10B, would have to be satisfied.