Fremont-Smith, J.
This matter arises out of an alleged default on obligations due under a note payable to the plaintiffs. The defendant, Nadeen Pytko (“Wife”) is presently moving to dismiss for failure to state claims upon which relief can be granted and for lack of subject matter jurisdiction due to a pending action in probate court. For the following reasons, the defendant’s motion to dismiss counts 2 and 8 is ALLOWED and defendant’s motion to dismiss counts 3 through 7 is DENIED.
BACKGROUND
The plaintiff Stephen and Gregory Realty, Inc. (“Business”) is a corporation which engages in the purchase and sale of real estate; manages and leases property; and constructs, repairs and maintains property. The plaintiff Paul P. Pytko (“Father”) is the President and a shareholder of the Business as well as the father of the defendant Paul F. Pytko.
The defendant Paul F. Pytko (“Husband”) is the Vice President of the Business and the only other shareholder of the company. Over a period of seven years, Wife performed bookkeeping and clerical services for the company.
The defendant Husband and Wife are parties in a divorce action presently pending in Worcester Probate and Family Court. In the fall of 1997, the Probate Court issued a temporary order restraining the Husband from transferring or conveying any marital assets, including restraining the Husband’s 50% stock interest in the Business.
On February 11, 1998, Father, on behalf of the Business, filed this action alleging multiple claims against Husband and Wife. The complaint alleged that the Husband defaulted on obligations to make certain payments under a note in the amount of $51,000 to the Father in his capacity as an officer of the Business. The complaint further alleges that payments under the note are secured by the Husband’s 50% stock ownership interest in the Business. The Father seeks by this action to compel the Husband to transfer his 50% ownership interest back to the Father based upon the default, and seeks damages for alleged deceptive behavior engaged in by the defendant Wife, misappropriation of corporate records and interference with the plaintiffs’ contractual relations.
The Wife moves to dismiss the action, arguing that the counts fail to state claims for which relief can be granted and are subject to dismissal for lack of subject matter jurisdiction. The wife also contends that the case presents repetitive issues already pending in probate court.
DISCUSSION
A.Standard of Review
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must determine whether the complaint states a claim upon which relief can be granted. The court must take the allegations of the complaint, as well as any inferences which can be drawn from those allegations in the plaintiffs favor, as true. The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
B.Allegations of Breach of Probate Court Stipulations
Count II of the plaintiffs’ complaint alleges breach of a probate court stipulation and agreement. The defendant has moved to dismiss this count based upon lack of standing, lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Upon defendant’s motion, the plaintiffs have agreed to dismiss this count in light of the probate court’s jurisdiction over the matter.
C.Viability of Claims Alleging Conversion and Misappropriation
Count II of the complaint alleges conversion and misappropriation of corporate assets against the Wife. The defendant is moving to dismiss this count, contending that she has delivered computer printouts and a corporate records prior to and subsequent to the preliminary injunction hearing, rendering the issue moot.
In its opposition, the plaintiffs maintain that the Wife still has possession of the 1997 corporate diary, the corporate seal, financing reports and deposit slips for December 1997. In its consideration of a motion to dismiss, the court must view the facts in a light most favorable to the plaintiff. Nader v. Citron, supra, 372 Mass. at 98. Taking the allegations alleged by the plaintiffs as true, the court is satisfied that the plaintiffs have stated claims for conversion and misappropriation against the Wife for which relief may be possible. Accordingly, dismissal of this count is inappropriate.
D.Sufficiency of Count Alleging Intentional Interference with Contractual Relations
The defendant Wife moves to dismiss count VII on the ground that the tort of intentional interference with contractual relations requires a showing that a defendant impinged upon plaintiffs’ existing or contractual relationship with a third party. The defendant contends that the plaintiffs’ present claim is devoid of third-party involvement and therefore should be dismissed for failure to state facts upon which relief can be granted.
*594 In its opposition, the plaintiffs maintain that the defendant interfered with the plaintiffs’ contractual obligations to its tenants. The plaintiffs state that the defendant refused to surrender corporate records pertaining to the plaintiffs’ leases with sixteen tenants, rendering the plaintiffs unable to fulfill its contractual obligations to the tenants.
“To establish intentional interference with contractual or business relations, the plaintiff must show: 1) the existence of a contract or a business relationship which contemplated economic benefit; 2) the defendant’s knowledge of the contractual or business relationship; 3) the defendant’s intentional interference with the contract or business relationship for an improper purpose or by improper means; and 4) damages.” Swanset Development Corp. v. Taunton, 423 Mass. 390, 397 (1996); United Truck Leasing Corp. v. Geltman, 406 Mass. 811, 812, 815-17 (1990).
The court is satisfied that the plaintiffs have pled sufficient facts to proceed with a claim for intentional interference with contractual relations in light of allegations of intentional disruption of the relationships between the plaintiffs and their tenants.
E. Allegations of Unfair and Deceptive Practices
The defendant Wife moves this court to dismiss count VIII alleging violations of G.L.c 93A on the basis that claims arising under G.L.c. 93A do not apply in situations involving employers and employees. In support of her contention, the defendant relies upon Hoffman v. Optima Systems, Inc., 683 F.Supp. 865 (D.Mass. 1988), which held that c. 93A claims are barred even if an employer/employee dispute occurs in the context of business dealings between the parties. Id. at 871. The Massachusetts Appeals Court has also dealt with the same issue in Newton v. Moffie, 13 Mass.App.Ct. 462 (1982), in which a c. 93A violation was alleged in a private transaction between individual members of the same partnership. Id. at 462. The court held that the transaction was not actionable under c. 93A where the transaction only affected the parties themselves and did not affect other businessmen or the interests of the public. Id. at 469; see also Lantner v. Carson, 374 Mass. 606, 610 (1978) (holding c. 93A unavailable where transaction is private in nature so is not undertaken “in the course of trade or commerce"). Accordingly, count VIII will be dismissed.
F. Sufficiency of Superior Court Jurisdiction
The defendant Wife contends that this court lacks subject matter jurisdiction over this case on the ground that ownership rights in stock of a company is the subject matter of the case and has been recognized as a marital asset in a pending divorce action between the co-defendants.
Issues arising out of the ownership of company stock involving parties to a divorce action do not fall within the category of traditional probate and family court matter. See Mass.R.Dom.Rel. 1 (probate court jurisdiction over divorce, separate support, custody, annulment, spousal support, child support, paternity and abuse protection). Although probate courts have plenary equity jurisdiction in controversies over property between husband and wife in divorce proceedings or between divorced persons, DuMont v. Gidbey, 382 Mass. 234, 236 (1981), such a narrow issue is not presently before this court, as the parties to this lawsuit are not limited to the divorced persons. Moreover, issues involving contractual obligations of parties holding notes and stock interests which are part of a marital estate are not within the exclusive realm of probate court jurisdiction. See Mass.R.Dom.Rel. 1, supra.
It is also well settled law that the Superior Court has original jurisdiction over all civil actions, except those over which other courts have exclusive jurisdiction. G.L.c. 212, §4. In the present facts, we are not faced with a situation in which another court has exclusive jurisdiction over the matter. Accordingly, this Court must address whether the circumstances suggest that it shares jurisdiction, concurrent with another court.
It has been held that probate courts have concurrent jurisdiction with the Supreme Judicial Court and Superior Court in equity of controversies over property between persons who have been divorced. G.L.c. 215, §6; Wood v. Wood, 369 Mass. 665, 670-71 (1976). This statute recognizes the Superior Court’s authority to hear cases involving' property disputes between husband and wife after a divorce decree is entered. If the Massachusetts Legislature permits the Superior Court to hear cases involving property disputes between former spouses, it follows that the Superior Court is empowered to hear matters involving contractual disputes which only incidentally involve marital assets. Although the present case involves issues surrounding the ownership of property subject to a pending divorce action in probate court, such ownership is incidental and irrelevant to the contract issues presently before the court. The plaintiffs are not parties in the pending divorce action and the pendency of the divorce action does not present issues presently before this court. Accordingly, it is well within the realm of authority of this Court to exercise jurisdiction over the matter.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant Nadeen Pytko’s motion to dismiss counts II and VIII is ALLOWED and defendant’s motion to dismiss counts I and III through VII is DENIED.