van Gestel, J.
This matter is before the Court on a request by the plaintiff, Madavor Media, LLC (“Madavor”), seeking preliminary injunctive relief. The defendants seek dismissal.
BACKGROUND
On October 14, 2003, the defendant Ashton International Media, Inc. (“Ashton”), as part of a settlement, consented to a judgment (the “judgment”) against it in an action then pending in the United States District Court for the Southern District of New York captioned PRIMEDIA Enthusiast Publications, Inc. v. Ashton International Media, Inc., 02 Civ. 9997 (HB) (MHD). The dollar amount of the judgment is $3,970,440.28. Among other things, the judgment provided a declaration that the plaintiff, PRIMEDIA Enthusiast Publications, Inc. (“PRIMEDIA”), “is entitled to collect on the collateral in which it holds a perfected security interest to satisfy Ashton’s indebtedness to PRIMEDIA.”
On April 13, 2004, PRIMEDIA, pursuant to N.Y. U.C.C. Sec. 9-610 and 9-617, conveyed to Madavor all of its right, title and interest in both the judgment and the collateral in connection therewith. Madavor seeks injunctive relief to compel Ashton to turn over the collateral.
Ashton responds with an argument that there is a complicated relationship between the parties and that, in the meantime, it is taking appropriate steps to continue to publish the properties in issue, to pay the writers and to solicit subscribers.
Ashton has responded with two emergency motions, each seeking dismissal of this action. The grounds for dismissal are based on venue issues and based upon allegations that Madavor, a Delaware limited liability company, has not duly registered to do business in the Commonwealth of Massachusetts.
This Court will address only the motion relating to venue. As alleged in the complaint, and therefore binding upon Madavor, G.L.c. 231, Sec. 87, Madavor is a Delaware limited liability company that claims a usual place of business in Medford, Middlesex County. Both defendants, Ashton and Mark A. Lund, are alleged to have their place of business and residence in Worcester County.
This case, correctly, can be characterized as a transitory action. G.L.c. 223, Sec. 1, provides in material part as follows.
A transitory action shall... if any one of the parties thereto lives in the commonwealth, be brought in the county where one of them lives or has his usual place of business. If an action is dismissed because the defendant has raised timely objection to venue, the defendant shall be allowed double costs.
Thus, “the venue rules of transitory actions ... is in the county where a party to the suit lives or has its usual place of business.” Williams College v. Attorney General, 375 Mass. 220, 223-24 (1978). Only a Court with proper venue “is an appropriate forum for granting equitable relief.” Id. at 224.
*623 This action properly was filed by Madavor in Suffolk County pursuant to Administrative Directive No. 03-1. By Administrative Directive No. 03-1, the Chief Justice of the Superior Court opened the discretionary venue of the Business Litigation Session (“BLS”) to accept cases that would otherwise have venue in the judicial districts or counties of Essex, Middlesex or Norfolk. Administrative Directive No. 03-1 did not, however, as it could not, change the venue statutes as they currently appear in the General Laws. Thus, the process can only proceed on waiver principles.
In the situation before the Court, the defendants have not waived, but rather insist upon, their statutory right to venue other than in Suffolk County.[2] This Court must, therefore, honor that right. It will do so, however, not by dismissing the case, but by giving the plaintiff 30 days to transfer the action to either Middlesex or Worcester County.
This is not a case in which the plaintiff wrongfully brought the action in Suffolk County, properly having taken advantage of Administrative Directive No. 03-1. Consequently, no double costs are due under G.L.c. 223, Sec. 1.
This Court declines to take any action on the defendants’ motion relating to the alleged failure of Madavor to register as a foreign limited liability company with the Secretary of the Commonwealth. This motion requires evidence or a record that is not before the Court. The affidavit of Mark A. Lund reporting on an internet search and a telephone conversation with some unidentified employee of the Secretary of State is insufficient for these purposes.
ORDER
For the foregoing reasons, those aspects of the Emergency Motion to Dismiss for Improper Venue Under Administrative Directive No. 03-1 that seek dismissal on venue grounds are ALLOWED to the limited extent that this case will be dismissed if the plaintiff does not seek transfer to Middlesex or Worcester County within 30 days from the date hereof.
No costs shall be awarded to any of the moving parties as a result of this transfer.

The defendants insist upon venue in Worcester County. This Court observes, however, that if Madavor’s allegations about a place of business in Middlesex County are correct, and if it can sue in Massachusetts, then Middlesex may also be an appropriate venue under G.L.c. 223, Sec. 1.