WILLIAM C. BRADY & another *vs.* GENEVIEVE R. CEATY, executrix and trustee, & another.

Worcester.   April 6, 1965. — May 3, 1965.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Charity.   Trust,* Charitable trust.   *Attorney General.*

Under G. L. c. 12, §§ 8, 8G, the Attorney General was a necessary party to a proceeding by the heirs of a testatrix seeking a declaration as to the validity of a purported charitable trust of the residue of her estate established by her will.   [181]

A charitable trust was established by a testamentary gift of at most some $11,000 in trust to expend the income, and principal in the trustee's discretion, "for the education of one or more deserving boys or girls, who, in the sound judgment and discretion of . . . [the trustee] is worthy, needy and deserving of help in his or her education."   [182–183]

PETITION filed in the Probate Court for the county of Worcester on November 12, 1963.

The case was heard by *Wahlstrom, J.*

*James J. Kelleher,* Assistant Attorney General, for the Attorney General.

*Walter J. Griffin (Richard M. Wall* with him) for the petitioners.

WHITTEMORE, J.   Mary J. Brady died January 17, 1963, leaving as her only heirs and next of kin a son and a daughter.   Her will was allowed on April 25, 1963.   After leaving to the son and daughter "the proceeds of my Daughters of Isabella Benefit" and to the daughter personal effects, the will in article 4 provided: "All the rest, residue and remainder of my property . . . to my Executor, . . . in trust nevertheless, for the following uses and purposes:

"(a) To hold, invest and reinvest any sums which I may have at the time of my death.

"(b) To expend the income therefrom and so much of the principal of said funds as may be deemed by my said Executor and Trustee advisable or necessary for the edu-

cation of one or more deserving boys or girls, who, in the sound judgment and discretion of my said Trustee is worthy, needy and deserving of help in his or her education. I leave it to the judgment of my Executor and Trustee as to whether the student is studying for the secular or religious life or vocation.

"(c) In the event my said Trustee should die before said trust funds are completely expended, then I direct that said funds go to the then Diocesan Director of Vocations of the Roman Catholic Diocese of Worcester as trustee, to be expended by him as above set out."

The will also nominated the Diocesan Director of Vocations as executor in the event that the named executrix, Genevieve R. Ceaty, was unable to serve. The inventory filed shows only personal property of the value of $11,163.88.

The son and daughter, on November 12, 1963, filed this petition for a declaration of the invalidity of the testamentary trust. The Attorney General filed an appearance. The probate judge, by decree of August 17, 1964, ruled that the bequest created a private rather than a charitable trust, and that it therefore lapsed, and ordered the funds distributed as intestate property. The Attorney General has appealed from this decree.

The Attorney General was a proper and necessary party to these proceedings. General Laws c. 12, § 8, provides that the Attorney General "shall enforce the due application of funds given or appropriated to public charities within the commonwealth, and prevent breaches of trust in the administration thereof." Section 8G directs that he "be made a party to all judicial proceedings in which he may be interested in the performance of his duties under section eight . . . ." See *Budin* v. *Levy,* 343 Mass. 644, 647–648.

The requirements for a valid charitable trust are stated in *Jackson* v. *Phillips,* 14 Allen, 539, 556: "A charity, in the legal sense, may be more fully defined as a gift, to be applied consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their minds

or hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves in life, or by erecting or maintaining public buildings or works or otherwise lessening the burdens of government." *Barrett* v. *Brooks Hosp. Inc.* 338 Mass. 754, 759.

The charitable purpose of this trust, the advancement of education, is express. *Saltonstall* v. *Sanders,* 11 Allen, 446, 454. *Worcester* v. *New England Inst. & New England Sch. of Accounting, Inc.* 335 Mass. 486, 489.

The size of the trust fund and the discretion given the trustee indicate that it is probable that very few persons will receive moneys from the trust. But the class benefited is not small. The class is made up of recipients and non-recipients alike. In *Sherman* v. *Shaw,* 243 Mass. 257, 259, where the testator left $1,000 to his executor "to be by him applied in shares of One Hundred Dollars each at his discretion for the benefit and advancement of ten poor boys to be selected by him," the court held that the "limitation as to amount to be disbursed for each person does not invalidate a bequest for charitable purposes otherwise enforceable." See also *Sears* v. *Attorney Gen.* 193 Mass. 551, 553; *Rogers* v. *Attorney Gen.* 347 Mass. 126, 133; Restatement 2d: Trusts, § 375; Scott on Trusts (2d ed.) § 375.1, p. 2703. Compare *Kent* v. *Dunham,* 142 Mass. 216 (gift "for the aid and support of those of my children and their descendants who may be destitute," held to be not a public charity).

The petitioners rely on *In re Estate of Huebner,* 127 Cal. App. 244, where the court ruled invalid a trust to help defray the expense of educating some girl or boy in music or art. That case does not state our rule. We agree with Professor Scott (op. cit. *supra,* 2703–2704) that the provision for a single recipient of the benefit of the trust was "immaterial . . . since the purpose of the trust was to promote education and the class of persons from whom the selection was to be made was indefinite in extent."

The trust does not fail because the testatrix failed to exclude her relatives from the benefited class. The breadth

of the class controls.   Even a direction that preference be
shown to certain persons does not invalidate a trust other-
wise charitable in purpose.   *Bullard* v. *Chandler,* 149 Mass.
532, 540.   There is no basis for an inference, as suggested
at the argument, that such a trust might be a subterfuge to
evade inheritance taxes.   The trustee has the duty to pay
out funds only to persons meeting certain requirements
(boys or girls who are worthy, needy and deserving of
help) and the Attorney General, pursuant to G. L. c. 12,
§§ 8, 8A–8J, will supervise the trustee in the performance
of this duty.

The decree is reversed and a decree is to enter in the
Probate Court in accordance with this opinion.

*So ordered.*