The plaintiffs sued in Superior Court to prevent the trustees of the Berkshire Museum (museum) from selling several valuable pieces of art and moved for a preliminary injunction to that effect. A judge denied the motion and dismissed their complaint for lack of standing. The plaintiffs challenge both rulings on appeal on various grounds. We affirm.
Discussion. 1. Standing.[5] The plaintiffs contend that they have standing to sue: (a) to enforce the museum's contractual founding documents; (b) to protect their rights as corporate members of the museum; and (c) derivatively as corporate members of the museum. These arguments lack merit.
We review a dismissal for lack of standing using the same standards for dismissal under Mass. R. Civ. P. 12 (b) (1) and (6), 365 Mass. 754 (1974). See Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998). Accordingly, "accept[ing] the factual allegations in the plaintiffs' complaint, as well as any favorable inferences reasonably drawn from them, as true," ibr.US_Case_Law.Schema.Case_Body:v1">id., our review of the judge's ruling is de novo. Housman v. LBM Fin., LLC, 80 Mass. App. Ct. 213, 216 (2011).
a. Governing documents as contracts. The museum is a charitable corporation incorporated under several acts of the Legislature.[6] While the plaintiffs are correct that these documents constitute "a contract between the Commonwealth and the [museum]," Opinion of Justices, 237 Mass. 619, 622 (1921), that alone does not grant the plaintiffs standing. Absent a plaintiff with interests "distinct from those of the general public," the Attorney General possesses "exclusive" standing in cases involving "the efficient and lawful operation of charitable corporations." Lopez v. Medford Community Ctr., Inc., 384 Mass. 163, 167 (1981). The plaintiffs have failed to show how the harm to them by the sale of the subject paintings is distinct from that of the general public. We reject the plaintiffs' suggestion that the representation in the museum's Web site that membership includes "opportunities to provide feedback" provides them with a distinct interest or injury. Their opportunity to give feedback does not provide them a right to participate in management decisions. Therefore, in this case only the Attorney General has standing to sue for any possible breach of such a contract occasioned by the deaccession of the museum art. Id.
b. Protecting rights as members. The plaintiffs also lack standing to sue as corporate members.[7] A corporate member under G. L. c. 180, § 2 (e ), is "one having membership rights ... in a corporation in accordance with the provisions of its articles of organization or by-laws." Such membership rights include, inter alia, voting rights, G. L. c. 180, § 3, second par., which is not a right included in the plaintiffs' memberships. The museum's bylaws exclusively vest corporate membership rights in the trustees and differentiate between corporate membership, which the trustees have, and mere dues-paying membership, which the plaintiffs have.
c. Suing derivatively. Even if the plaintiffs were corporate members of the museum, they also lack standing to sue derivatively. "[M]embership in a public charity, alone, is [in]sufficient to give standing to pursue claims that a charitable organization has been mismanaged or that its officials have acted ultra vires." Harvard Climate Justice Coalition v. President & Fellows of Harvard College, 90 Mass. App. Ct. 444, 447 (2016), quoting Weaver v. Wood, 425 Mass. 270, 277 (1997). Only the Attorney General possesses such standing. Weaver, supra at 275.
2. Preliminary injunction. Because they lack standing to contest the museum's deaccession of certain art work, they cannot obtain a preliminary injunction to stop that deaccession. Accordingly, we discern no abuse of discretion in the judge's denial of the plaintiffs' request for a preliminary injunction.[8]
Judgment affirmed.

The plaintiffs further contend that the Superior Court should have enjoined the "liquidation sale." Although we understand the plaintiffs' concern over the movement of the historical works of art from Pittsfield, our precedent requires that we first discern whether they have standing to raise the arguments they make. See Group Ins. Comm'n v. Labor Relations Comm'n, 381 Mass. 199, 202 (1980) (standing is "preliminary issue"). Concluding, for the reasons delineated infra, that they lack such standing, we do not reach those arguments.

See St. 1871, c. 129; St. 1903, c. 131; and St. 1932, c. 134.

We need not accept the plaintiffs' legal conclusion in their complaint that they are corporate members. See General Convention of the New Jerusalem in the United States of Am., Inc. v. MacKenzie, 449 Mass. 832, 838 (2007).

The panel would also like to commend the litigants on both sides for such well-crafted arguments, persuasively-written briefs, and quality oral argument presentations.